# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERNEST JORD GUARDADO, | Case No. 2:17-cv-00879-JCM-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| STATE OF NEVADA EX REL, et al., | |
| Defendants. | |

Presently before the Court are plaintiff Ernest Jord Guardado's motion to compel information (ECF No. 25), motion for issuance of summons (ECF No. 29), and motion for a scheduling order (ECF No. 31). Nevada's Office of the Attorney General has filed information responsive to Guardado's motion to compel, so the Court will deny that motion as moot. The Court will grant Guardado's motion for issuance of summons because he proceeds in forma pauperis and he is, therefore, entitled to the Court's aid in issuing and serving all process. Finally, the Court will grant Guardado's motion for a scheduling order because he is entitled to one under the Local Rules.

**I.     Background.**

This matter derives from a civil rights complaint that Guardado filed under 42 U.S.C. § 1983. (ECF No. 1-1.) The operative complaint is Guardado's first amended complaint ("FAC"), which he filed on March 12, 2018. (ECF No. 14; ECF No. 15.) The district judge screened Guardado's FAC and construed it to allege two claims for retaliation and one claim for conspiracy under the First Amendment to the United States Constitution. (ECF No. 14 at 9.) After screening each claim, the district judge dismissed the conspiracy claim with prejudice but held that both retaliation claims could proceed. (ECF No. 15 at 9.) Subsequently, this Court granted Guardado's application for leave to proceed in forma pauperis. (ECF No. 21.)

Nevada's Office of the Attorney General appeared in this matter on June 5, 2019. (ECF No. 22.) The Attorney General accepted service on behalf of defendants James Dzurenda and Tara Carpenter. (ECF No. 22.) The Attorney General declined to accept service on behalf of defendants Quentin Byrne and William Sandie and, instead, filed their last known addresses under seal. (ECF No. 23.) Regarding defendant Dale Harkreader, the Attorney General wrote that he could not identify any Nevada Department of Corrections ("NDOC") employee by that name. (ECF No. 22.)

On June 14, 2019, Guardado filed a motion to compel information regarding Dale Harkreader. (ECF No. 25.) Guardado argued that although he might have spelled Dale Harkreader's first or last name incorrectly, Guardado had proffered sufficient information for the Attorney General to identify the NDOC employee that Guardado intended to sue. (ECF No. 25 at 1–2.) The Attorney General, in response, filed a last known address for former employee *Bruce* Harkreader, who the Attorney General asserts was erroneously named "Dale Harkreader" by Guardado. (ECF Nos. 23 & 24.)

Guardado then filed three different motions. Guardado filed a motion for issuance of summons on August 15, 2019. (ECF No. 29.) On October 16, 2019, Guardado filed both a motion for a ruling on his motion for issuance of summons and a motion for a scheduling order. (ECF Nos. 30 & 31.) All three of these motions remain unopposed.

**II.     Motion for issuance of summons.**

In his motion, Guardado asks that the Court issue summonses for Bruce Harkreader, Byrne, and Sandie. (ECF No. 29.) The Court construes Guardado's motion as a motion for both issuance of summons and to effect service of process.

**A. Timeliness.**

As a threshold matter, the Court must address the timeliness of service upon these individuals. Rule 4 provides that service of process must be completed "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). The Court may extend the time for service "for an appropriate period" if plaintiff shows good cause for failure to serve defendants within the 90-day timeframe. *Id.* To that end, the Court must grant a pro se civil rights litigant "considerable leeway" when assessing whether there exists good cause for failure to comply with the time limits in Rule

4(m), "especially when that litigant is incarcerated." *McGuckin v. Smith*, 974 F.2d 1050, 1058 (9th Cir. 1992) (emphases omitted), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). Further, the Court may sua sponte extend the time for service. *See, e.g.*, *Cleveland v. Los Angeles Cnty. Sheriffs Dep't*, No. 2:15-cv-01399-DSF-GJS, 2017 WL 1364227, at *8 (C.D. Cal. Feb. 7, 2017).

Here, the Court finds good cause to extend the time for service of process. Guardado filed an application to proceed in forma pauperis. (ECF No. 1.) Rule 4's 90-day deadline was tolled until the Court granted that application. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 558 n.5 (7th Cir. 1996); *accord Robinson v. Clipse*, 602 F.3d 605, 608–09 (4th Cir. 2010). The Court granted Guardado's application—and the 90-day timeframe began to run—on May 15, 2019. (ECF No. 21).

The new 90-day deadline—plus three days to allow for mailing of the order granting Guardado's application—expired on August 16, 2019. *Cf. Gray v. Cox*, 2:14-cv-01094-JAD-PAL, 2016 WL 4367236, at *2 (D. Nev. Aug. 26, 2019). Guardado filed his motion for service of process on August 15, 2019, which was before the new 90-day deadline. Thus, the Court credits Guardado the considerable leeway mandated by *McGuckin* and finds that he has been diligent. Therefore, the Court finds that there is good cause to extend the time for service under Rule 4(m). The Court also finds that 90 days is an "appropriate period" for the extension. *Mejia Banegas*, 2019 WL 1353712, at *3.

**B. Service of process under 28 U.S.C. § 1915(d).**

When a party proceeds in forma pauperis, the Court "shall issue and serve all process." 28 U.S.C. § 1915(d); *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990) ("a party proceeding in forma pauperis is entitled to have the summons and complaint served by the U.S. Marshal.").[1] Guardado proceeds in forma pauperis (ECF No. 21) and he is, therefore, entitled to the Court's aid in issuing and serving all process. Accordingly, the Court will grant Guardado's motion and order

---

[1] Section 1915(d) dovetails with Rule 4, which provides that upon the request of a plaintiff authorized to proceed in forma pauperis, the Court "must" order "that service be made by a United States marshal or deputy or by a person specifically appointed by the court." FED. R. CIV. P. 4(c)(3).

that United States Marshal attempt service on Bruce Harkreader,[2] Byrne, and Sandie at their last known addresses.[3]

**III.   Guardado's motion for a scheduling order (ECF No. 31).**

Guardado argues that, in light of Carpenter's and Dzurenda's July 15, 2019 answer, the Local Rules require that the Court enter a scheduling order in this matter. (ECF No. 31.) The Court agrees. LR 16-1(b). The Court will grant Guardado's motion and a separate scheduling order will follow.[4]

**IV.   CONCLUSION**

IT IS THEREFORE ORDERED that Guardado's motion for issuance of summons (ECF No. 29) is GRANTED.

IT IS FURTHER ORDERED that Guardado's motion to compel information (ECF No. 25) is DENIED as moot.

IT IS FURTHER ORDERED that Guardado's motion for a ruling on his motion for issuance of summons (ECF No. 30) is DENIED as moot.

IT IS FURTHER ORDERED that Guardado's motion for a scheduling order (ECF No. 31) is GRANTED.

IT IS FURTHER ORDERED that the deadline for service under Rule 4(m) is reset: service must be complete within 90 days from the date that this order is entered.

IT IS FURTHER ORDERED that the Clerk of Court send Guardado three blank copies of form USM-285.

IT IS FURTHER ORDERED that Guardado shall have twenty days to furnish the United States Marshal with the required USM-285 forms, and he shall **omit** any address information on the forms.

---

[2]   The Court will order service upon Bruce Harkreader notwithstanding his erroneous name on the complaint because "service of process is not legally defective simply because the complaint misnames the defendant in some insignificant way." *Morrel v. National Mut. Fire Ins. Co.*, 188 F.3d 218, 224 (4th Cir. 1999).

[3]   The Court will deny as moot Guardado's motion to compel information regarding Dale Harkreader (ECF No. 25) and motion for a ruling on his motion for issuance of summons (ECF No. 30).

[4]   Guardado is instructed to closely examine the court's forthcoming scheduling order to determine the deadline for him to move to amend his FAC to correct the name of Bruce Harkreader in this matter.

IT IS FURTHER ORDERED that the Clerk of Court issue summonses, under seal, to Bruce Harkreader, Byrne, and Sandie using the addresses that were filed under seal at ECF Nos. 23 & 26.

IT IS FURTHER ORDERED that the Clerk of Court serve a copy of this order, the sealed and issued summonses, and the amended complaint (ECF No. 14) on the United States Marshal.

IT IS FURTHER ORDERED that the United States Marshal shall, in accordance with Rule 4(c)(3), attempt service on Bruce Harkreader, Byrne, and Sandie at their last known addresses, filed under seal at ECF Nos. 23 & 26.

DATED: February 7, 2020.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE