UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERNEST JORD GUARDADO<br><br>  Plaintiff,<br>  v.<br>STATE OF NEVADA, *et al.*,<br><br>  Defendants. | Case No. 2:17-CV-00879-JCM (BNW)<br><br>ORDER |

Presently before the court is pro se plaintiff Ernest Jord Guardado's objection to Magistrate Judge Brenda Weksler's denial of his motion for appointment of counsel. (ECF No. 74). Defendants did not respond and the time to do so has passed.

I. **Background**

Guardado alleges that he was transferred from Lovelock Correctional Center ("LCC") to High Desert State Prison ("HDSP") as retaliation for filing grievances against certain correctional officers in violation of his First Amendment rights. (ECF No. 14 at 7–10). On July 30, 2020, Guardado moved for appointment of counsel to assist him in properly opposing the defendants' pending motion for summary judgment. (ECF No. 56). He avers that discovery in this case is complex, he has had no access to the law library since March 2020, and that he has been unsuccessful in retaining counsel. (*Id.* at 2; ECF No. 74 at 3).

Judge Weksler held a telephonic hearing on October 13, 2020, and denied Guardado's motion. (ECF No. 71). Guardado now objects to Judge Weksler's ruling. (ECF No. 74).

1

## II. Legal Standard

The district court may "reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a). The court may "affirm, reverse, or modify, in whole or in part, the magistrate judge's order." LR IB 3-1(b).

A factual finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A legal conclusion is contrary to law when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Desage*, 229 F. Supp. 3d 1209, 1213 (D. Nev. 2017) (citation omitted). Review under a clearly erroneous standard is "significantly deferential." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993).

## III. Discussion

Indigent civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, this court has the discretion under 28 U.S.C. § 1915(e)(1) to "request an attorney to represent any person unable to afford counsel" in "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

To determine if there are "exceptional circumstances" that require appointed counsel, the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331.

This court cannot say that Judge Weksler's denial of Guardado's motion for appointment of counsel was clearly erroneous or contrary to law. There is a likelihood Guardado's claims can succeed on the merits because they survived the screening process. *See Garcia v. Las Vegas*

*Metro. Police Dep't*, No. 2:17-cv-02504-APG-BNW, 2020 WL 3404730, at *2 (D. Nev. June 19, 2020).

But Guardado can articulate his claims pro se. Guardado claims to have no access to the law library because of the COVID-19 pandemic. (ECF No. 74 at 4). Prisoners have a right of access to the courts. *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974). And this right includes "access to a reasonably adequate law library for preparation of legal actions." *Id.* at 578–79. Nevertheless, Judge Weksler found that Guardado has been in communication with the law library as evidenced by the documents supporting his motion requesting submission of exhibits. (ECF No. 70). He has filed several motions with supporting points and authorities as well. And an inability to retain counsel does not rise to the level of "exceptional circumstances" either. *See Garcia*, 2020 WL 3404730 at *2. The caselaw Guardado cites in support of appointing him counsel—*Koerschner v. Warden*, 508 F.Supp.2d 849 (D. Nev. 2007), and *Moxley v. Neven et al*, 2:07-cv-01123-RLH-GWF—involved the appointment of federal habeas counsel and not appointment under 28 U.S.C. § 1915(e)(1). (ECF No. 56 at 3).

At bottom, Judge Weksler ruled that Guardado does not face "insurmountable objects to being able to petition the court for redress as needed" and this court will not disturb that ruling. (ECF No. 71).

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Brenda Weksler's order denying Guardado's motion for appointment of counsel (ECF No. 56) be, and the same hereby is, AFFIRMED.

DATED November 12, 2020.

_____
UNITED STATES DISTRICT JUDGE

3