1
2
3
4
5

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

6   Ernest Jord Guardado,                                Case No. 2:17-cv-00879-JCM-PAL

7                       Plaintiff,

8        v.                                              **Order re [85], [88], and [92]**

9   State of Nevada Ex Rel, et al.,

10                      Defendants.

11

12        Before the Court are motions by plaintiff Ernest Jord Guardado for discovery relief (ECF

13   No. 85) and appointment of counsel (ECF No. 88).  This matter previously came on for a motions

14   hearing in October 2020, during which the Court ordered defendants and counsel to produce four

15   categories of documents.  Guardado seeks to enforce that oral ruling.  Because defendants have not

16   sufficiently established compliance with the Court's order, Guardado's discovery motion will be

17   granted in part and denied in part.  However, Guardado's motion for appointment of counsel will be

18   denied because he has not shown exceptional circumstances warranting the appointment of counsel.

19   **I.    Background**

20        Guardado is a civil-rights litigant current in the custody of the Nevada Department of

21   Corrections ("NDOC") at High Desert State Prison ("HDSP").  He sues defendants—who are

22   now **former** employees of the NDOC—under 42 U.S.C. § 1983. ECF No. 73.  Guardado claims

23   that defendants violated his First Amendment rights when they transferred him from one prison to

24   another in retaliation for filing a grievance in which he accused NDOC officials of making false

25   and misleading statements. Discovery in this matter closed nearly one year ago in May 2020. ECF

26   No. 34.

27        This matter came on for hearing in October 2020 upon plaintiff's motion to compel. ECF

28   No. 71.  At issue in the motion were several requests for production of documents ("RFPs") that

1  plaintiff propounded on defendants Tara Carpenter, James Dzurenda, and Dale Harkreader.[1]  At

2  the hearing, Guardado withdrew all of his RFPs to Harkreader and all but 2 of his RFPs to

3  Dzurenda.

4      Ultimately, at the October hearing the Court granted in part and denied in part Guardado's

5  discovery motion.[2]  The Court limited the scope of, and then compelled responses to, RFP

6  numbers 1, 3, and 8 to Carpenter and to RFP numbers 3 and 6 to Dzurenda.  Following the

7  hearing, defendants filed a notice informing the Court of their efforts to purportedly comply with

8  the Court's order. ECF No. 75.  Guardado's motions followed.

9  **II.    Motion for discovery relief (ECF No. 85)**

10     **A.  Legal standard**

11     The trial court has broad discretion to permit or deny discovery.  *Hallett v. Morgan*, 296

12 F.3d 732, 751 (9th Cir. 2002).  Under Rule 26(b) parties may obtain discovery regarding any

13 nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs

14 of the case. Fed. R. Civ. P. 26(b)(1).  Rule 34 provides a vehicle for obtaining discovery from

15 other parties.

16     Under Rule 34 "[a] party may serve on any other party a request within the scope of Rule

17 26(b) . . . to produce and permit" the inspection and copying of documents within the propounded

18 party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1).  But, as indicated in Rule 34's

19 plain text, a Rule 34 request can be served on a *party* only. *Id.*  To obtain discovery from a

20 nonparty, the litigant must serve a subpoena under Rule 45. Fed. R. Civ. P. 45 (a)(1)(A)(iii).

21     When a party receives a discovery request, the rules require that party to make a

22 reasonable inquiry to determine whether responsive documents exist. *Rogers v. Giubino*, 288

23 F.R.D. 469, 485 (S.D. Cal. 2012).  If the responding party finds that the documents do not exist,

24 then the party "should so state with sufficient particularity to allow the Court to determine

25 whether the party made a reasonable inquiry and exercised due diligence." *Id.*  When a party fails

26

27     [1]  *See generally* Audio Tr. of October 13, 2020 hearing.

28     [2]  *Id.*

to provide discovery requested under the rules, the propounding party may move to compel under Rule 37. Fed. R. Civ. P. 37(a)(3).

**B. Discussion**

**1. RFP No. 1 from Guardado to Carpenter**

At the October hearing the Court limited the scope of RFP No. 1 as follows: any documents (e.g., emails, reports, etc.) from September 22, 2015, to October 2015 regarding Guardado and the issue of retaliatory conduct surrounding his transfer from Lovelock Correctional Center.[3]  The Court ordered defendants and counsel to conduct a search for these documents.

Following the October hearing, defendants filed a notice informing the Court of their efforts to comply with the Court's ruling. ECF No. 75.  In the notice, counsel represents that he spoke to Associate Warden ("AW") LeGrand at Lovelock Correctional Center. *Id.*  Counsel inquired of AW Legrand whether the facility had possession, custody, or control over the following documents:

1. All emails, reports, requests, investigations, requests [sic], text messages, instant messages between September 22, 2015, to the end of October 2015 relating to retaliatory motive for Guardado's transfer.

2. All documents and communications regarding Guardado's transfer from [Lovelock Correctional Center] to HDSP that include the word "Offender Management Division" and/or "Guardado."

*Id.* at 2.  AW Legrand said that these documents were not in the possession, custody, or control of the facility and that she was unaware "of any method" to retrieve them. *Id.*

Plaintiff takes issue with defendants' notice.  He argues that the notice lacks any information regarding what was done to actually search for the documents.

The Court agrees, to an extent.  To be clear, RFP No. 1 is directed at Carpenter.  However, the notice at ECF No. 71 is based on the representations of LeGrand.  Therefore, defendants' notice does not speak to whether there has been compliance with the Court's order.

_____

[3]  Audio Tr. of October 13, 2020 hearing at 26:45.

1    Under *Rogers*, cited above, a party must make a reasonable inquiry to determine whether

2    responsive documents exist and, if they do not, the party "should so state with sufficient

3    particularity to allow the Court to determine whether the party made a reasonable inquiry and

4    exercised due diligence." *Rogers v. Giubino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012).  Thus, the Court

5    will order counsel supplement Carpenter's response to RFP No. 1 by informing Guardado of

6    Carpenter's efforts to make a reasonable inquiry to determine whether responsive documents exist

7    and whether she has possession, custody, or control of the document.  As counsel knows, if

8    Carpenter has the legal right to obtain the documents upon demand, she must do so.  The

9    supplemented response must be sufficiently specific to allow Guardado (and, if necessary, the

10   Court) to determine whether she made a reasonable inquiry and exercised due diligence.[4]

11   The Court emphasizes to Guardado, however, that the burden of establishing control over

12   documents sought is on him because he is the party seeking production. *See Bryant v. Armstrong*,

13   285 F.R.D. 596, 607 (S.D. Cal. 2012).  And, generally, former employees of government agencies

14   do not have possession, custody, or control of documents held by their former employers. *Lowe v.*

15   *District of Columbia*, 250 F.R.D. 36, 38 (D.D.C. 2008).  Guardado has not established that

16   Carpenter has possession, custody, or control of the requested documents.  In fact, it is plausible

17   that as a current—rather than former—employee of the NDOC, AW LeGrand is in a better

18   position than Carpenter to assess whether responsive documents exist.  But neither AW LeGrand

19   nor the NDOC are parties to this case, and the discovery request was propounded upon Carpenter.

20   The Court is merely requiring compliance by the defendant with the Court's October order.[5]

21

22   [4]  The Court notes that a discovery response need only "be signed by at least one attorney of

23   record in the attorney's own name." Fed. R. Civ. P. 26(g)(1).  The Court today is not requiring counsel to obtain a verification from defendants.  Instead, the Court is merely requiring counsel to certify that to the best of his "knowledge, information, and belief formed after a reasonably inquiry," the supplemented

24   response is consistent with the Federal Rules of Civil Procedure and not interposed for any improper

25   purpose. *See* Fed. R. Civ. P. 26(g)(1).

26   [5]  Further, the Court expressly declines to find that plaintiff has established the existence of the requested documents.  Plaintiff argues in his motion that the requested documents "should" exist because defendants were required under Nevada law and the NDOC's administrative regulations to create and

27   preserve the documents. ECF No. 85 at 3.  However, just because a document *should* exist does not mean it *does* exist.  In other words, it is entirely possible that the NDOC has not met its obligation (to the extent

28   an obligation exists) under the administrative regulations or Nevada law to create or preserve the requested

**2.  RFP No. 3 from Guardado to Carpenter**

In RFP No. 3 Guardado requests from Carpenter the production of "[a]ll emails, requests, memorandums, reports, investigations, text messages, and documents to and from Offender Management Division (OMD) to and from Lovelock Correctional Center regarding Ernest Guardado from 2010 to 2015, including phone records." ECF No. 60 at 88.  At the October hearing defense counsel represented to the Court that in his review of his clients' documents he had never seen any documents responsive to this request. [6]  Counsel offered to make another request of his client for these documents, and the Court so ordered.

The court resolves the dispute over RFP No. 3 on the same basis as the dispute over RFP No. 1.  Specifically: RFP No. 3 is directed at Carpenter, but the notice from defendants is based on representations by AW LeGrand.  The Court will therefore order counsel to supplement Carpenter's response to RFP No. 3 by informing Guardado of Carpenter's efforts to make a reasonable inquiry to determine whether responsive documents exist and whether she has possession, custody, or control of the document.  The supplemented response must be sufficiently specific to allow Guardado (and, if necessary, the Court) to determine whether she made a reasonable inquiry and exercised due diligence.

**3.  RFP No. 8 from Guardado to Carpenter**

In RFP No. 8 Guardado requests from Carpenter "[t]he complete institutional file (I-File) of Ernest Guardado." ECF No. 60 at 92.  Guardado argued at the October hearing that there were certain pages missing from the I-File produced by defendant.[7]  Counsel responded that he produced the entirety of the I-File that he received from defendant except that counsel had redacted information pertaining to other detainees.  Counsel stated that he was unaware of any material being withheld from the file produced to plaintiff, that Guardado's caseworker may have withheld some information, but that the caseworker is not a party to this case (or subject to this discovery request).

---

documents.  The Court does not mean to imply that this is the case, but it simply says so to support the Court's finding that plaintiff has not established the existence of the requested documents.

[6]  Audio Tr. of October 13, 2020 hearing at 29:46.

[7]  Audio Tr. of October 13, 2020 hearing at 40:20.

1      The Court ordered counsel to resend the I-File that counsel had already been produced in

2   the past.  However, the notice at ECF No. 75 and defendants' briefing do not address whether

3   counsel complied with the Court's order.  The Court will therefore order to counsel to comply with

4   this request (to the extent he has not already done so).

5                      **4.  RFP Nos. 3 and 6 from Guardado to Dzurenda**

6      In these requests, Guardado sought: (1) a copy of grievance 20063011736, (2) all documents

7   (including memoranda) related to the grievance, and (3) any documents regarding Guardado's

8   transfer from Lovelock Correctional Center to HDSP. ECF No. 60 at 103, 105.[8]   Counsel

9   represented at the October hearing that he could obtain a copy of the grievance, but the requested

10  memorandum might not exist. [9]  The Court ordered counsel to produce documents relevant to RFP

11  numbers 3 and 6.  The Court also ordered that to the extent the grievance is the only document

12  within defendant's possession, custody, or control that is responsive to the request, counsel should

13  indicate so to Guardado.

14     RFP Nos. 3 and 6 are directed at Dzurenda, but the notice from defendants is based on

15  representations by AW LeGrand.  The Court will therefore order counsel to supplement Dzurenda's

16  response to RFP Nos. 3 and 6 by informing Guardado of Dzurenda's efforts to make a reasonable

17  inquiry to determine whether responsive documents exist and whether he has possession, custody,

18  or control of the documents.  The supplemented response must be sufficiently specific to allow

19  Guardado (and, if necessary, the Court) to determine whether Dzurenda made a reasonable inquiry

20  and exercised due diligence.

21  **III.    Motion for appointment of counsel (ECF No. 88)**

22     This is Guardado's second motion for appointment of counsel. *See* ECF No. 71.  In his

23  latest motion, Guardado seeks the appointment of counsel for the remainder of this case or,

24  alternatively, for the limited purpose of responding to defendants' summary-judgment motion.

25

26     [8]  In his motion Guardado refers to grievance numbers 2006-29-42973 and 2006-30-0643. ECF
    No. 60 at 2.  However, unless these grievances are covered by one of the other RFPs discussed in Section
27  II.B of this order, the Court did not order their production.

28     [9]  Audio Tr. of October 13, 2020 hearing at 1:03:38.

1   ECF No. 88 at 5.  Guardado also filed a motion for the Court to consider certain exhibits in

2   support of his motion for appointment of counsel. ECF No. 92.  This motion is granted.  Even

3   after considering these exhibits, however, the motion for appointment of counsel will be denied.

4          The thrust of Guardado's argument focuses on his difficulties accessing and obtaining

5   materials from the HDSP law library. ECF No. 88 at 1.  He asserts that he has not had access to

6   the law library since March 2020. *Id.*  Further, he claims that he has submitted numerous requests

7   for legal materials but the majority go unanswered or he must wait a month or longer to receive a

8   response. *Id.* at 2.  According to Guardado, the library routinely fails to timely meet his filing

9   requests, which has resulted in his motions, responses, and replies being late or not filed at all. *Id.*

10  Finally, plaintiff claims that the library's failure to provide him with materials means that he

11  cannot prepare a response to defendants' summary-judgment motion, and he is concerned that his

12  nonresponse will result in the granting of the motion under LR 7-2(d). *Id.*

13         Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v.*

14  *Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  But when a litigant proceeds in forma pauperis,

15  the Court may "request" that an attorney represent that litigant. 28 U.S.C. § 1915(e)(1).

16         Whether to appoint counsel is a question within "the sound discretion of the trial court."

17  *Ageyman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (citation omitted).

18  The Ninth Circuit has made clear that the appointment of counsel should be granted "only in

19  exceptional circumstances." *Id.*  To determine whether there exist exceptional circumstances the

20  Court evaluates both "the likelihood of success on the merits" and "the ability of the petitioner to

21  articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrell v.*

22  *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

23         Here, the Court finds that that this case does not present the "exceptional circumstances"

24  necessary to justify the appointment of counsel.  Regarding the likelihood of success on the

25  merits, the Court notes that Guardado's complaint has survived screening by the district judge.

26  ECF Nos. 12 and 15.  Although slight, this does hint at a likelihood of success.

27         However, the Court finds that plaintiff is able to articulate his claims in light of the

28  complexity of the legal issues involved.  Based on the Court's review of the record, including

plaintiff's operative complaint, the Court finds that plaintiff's First Amendment retaliation and conspiracy claims are straightforward and not legally complex.  Additionally, in this case Guardado has filed three complaints (ECF Nos. 13, 14 and 73), and motions for leave to proceed in forma pauperis (ECF No. 1), for leave to file a longer-than-normal complaint (ECF No. 2) to compel information (ECF No. 25), for summonses (ECF No. 29), for a scheduling order (ECF No. 31), to amend his complaint (ECF No. 41), and for discovery (ECF No. 60).  Based on the Court's review of these and other documents on the record, Guardado "has the ability to sufficiently articulate the facts and circumstances relevant to his claims despite his lack of legal knowledge." *See Reed v. Paramo*, 2020 WL 2767358, at *1 (S.D. Cal. May 28, 2020).  Finally, Guardado has appeared before the undersigned magistrate judge for hearing, ECF No. 71, and the Court notes that Guardado is an effective communicator.

Guardado's remaining arguments do not present exceptional circumstances that warrant the appointment of counsel.  Guardado cites *Bounds v. Smith* and seems to imply that the Court should appoint counsel because the prison has failed to meet its obligation to provide him with an adequate law library or adequate assistance from persons trained in the law. ECF No. 88 at 5. The Court is sympathetic to Guardado's concerns and it does not take lightly the allegations that Guardado lodges against the NDOC.  But this argument by Guardado fails for two reasons.

First, it is true that the Supreme Court in *Bounds* held that incarcerated litigants have a "right of access to the courts," which requires prison authorities to provide litigants "with adequate law library or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  But *Bounds* has little, if any, applicability in this context because it is the *prison authorities*—not the Court—which must provide litigants with a law library or legal assistance.

Second, to the extent *Bounds* applies at all, Guardado's argument still fails because "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  Instead, a litigant asserting a *Bounds* claim must show actual injury by, for example, demonstrating that his complaint was dismissed due to the alleged shortcomings in the library. *Id.*  Guardado has not done so.  And although Guardado expresses

concern that the Court will grant defendants' summary-judgment motion as unopposed under LR 7-2(d), this concern is unfounded because the plain text of the rule excludes from its provisions any motions under Rule 56 (i.e., summary-judgment motions). *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, **except a motion under Fed. R. Civ. P. 56** . . . constitutes a consent to the granting of the motion.") (emphasis added).

Finally, the Court is similarly unpersuaded by Guardado's arguments pertaining to the HDSP law library's failure to timely file his documents or respond to his requests for legal materials. To begin, Guardado points to no instance in which his belated filings have prejudiced him in some way. For example, Guardado points to no instance where the Court granted a motion by defendants as unopposed or where the Court disregarded an argument because it was contained in a late filing. In fact, the Ninth Circuit has made clear that "strict time limits . . . ought not to be insisted upon" where restraints resulting from a pro se litigant's incarceration "prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). To the extent Guardado cannot meet a deadline because of the prison's conduct, he can file a motion requesting an extension and say so.

Additionally, the Court takes judicial notice of an affidavit filed at ECF No. 27-4 in *Stephen R. Kern, Jr. v. James Dzurenda, et al.*, case no. 2:19-cv-00721-RFB-DJA.[10] The affiant there is HDSP law library supervisor Jacques Graham, who relays that access to the law library was restricted in accordance with HDSP's COVID-19 safety procedures. *Id.* He represents to the Court that due to COVID-19 the law library was functioning without the assistance of inmate law library workers. *Id.* However, as of the date of the affidavit (February 12, 2021, i.e., a few weeks after Guardado filed his motion for appointment of counsel), HDSP "now has six inmate law library workers approved and working in the law library." *Id.* Further, HDSP received approval to hire trained staff to work in the law library along with Graham; the employee hired for this position was scheduled to begin working in the library on February 22, 2021. *Id.* Therefore, the

---

[10] The trial court may take judicial notice of its own records in other cases and other matters of public record. *Lawson v. Klondex Mines Ltd.*, 450 F. Supp. 3d 1057, 1070 (D. Nev. 2020)

Court encourages Guardado to utilize the new law library workers and resources to meet his legal research needs.

In sum, the Court in its discretion finds that Guardado has not established that his is the rare case where the Court should appoint counsel for an IFP litigant.  Although there is a slight showing that Guardado is likely to succeed on the merits, this showing is outweighed by the straightforward nature of Guardado's claims and Guardado's ability to articulate the facts and circumstances of his claim.  Therefore, his motion will be denied.

**IV.    Conclusion**

IT IS THEREFORE ORDERED that Guardado's motion for relief regarding production of discovery (ECF No. 85) is GRANTED in part and DENIED in part as stated in this order. Defendants have 20 days from today's order to comply.

IT IS FURTHER ORDERED that Guardado's motion requesting submission of exhibits (ECF No. 92) is GRANTED.

IT IS FURTHER ORDERED that Guardado's motion for appointment of counsel (ECF No. 88) is DENIED.

DATED: April 1, 2021.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE