**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Ernest Jord Guardado, | Case No. 2:17-cv-00879-JCM-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| State of Nevada Ex Rel, et al., | |
| Defendants. | |

Before the Court is Plaintiff Ernest Guardado's Motion for Sanctions. ECF No. 96. Defendants' response is at ECF No. 97. Plaintiff's reply is at ECF No. 99.

Also before the Court, and related to the motion above, is Defendants' response to this Court's Order to Show Cause at ECF No. 104. ECF No. 105.

I.      **Background**

Guardado is a civil-rights litigant currently in the custody of the Nevada Department of Corrections ("NDOC") at High Desert State Prison ("HDSP"). He sues Defendants—who are now former employees of the NDOC—under 42 U.S.C. § 1983. ECF No. 73. Guardado claims that Defendants violated his First Amendment rights when they transferred him from one prison to another in retaliation for filing a grievance in which he accused NDOC officials of making false and misleading statements.

II.     **The Parties' Arguments**

Plaintiff seeks sanctions under Federal Rules of Civil Procedure 11 and 37 based on allegations that (1) defense counsel made deliberate misrepresentations regarding Plaintiff's filing of discovery papers and the circumstances surrounding a meet and confer; (2) defendant

1   Carpenter made false and misleading statements in discovery responses; (3) Defendants failed to

2   comply with this Court's discovery order at ECF No. 94; and (4) certain evidence has been

3   spoliated.

4          Defendants partially responded to this motion with an explanation as to why they took the

5   position that they did regarding the discovery papers filed and the issue surrounding the meet and

6   confer. But their response did not address the allegations surrounding Carpenter's responses, the

7   spoliation of evidence, or their compliance with this Court's order at ECF No. 94.

8          Plaintiff's reply restates much of what is contained in his moving papers.

9          **A.      Deliberate Misrepresentations Regarding the Filing of Discovery Papers and
10                   the Meet and Confer**

11         As a preliminary matter, this alleged violation is not governed by Federal Rule of Civil

12  Procedure 37(b). Thus, the Court only analyzes it as a purported violation of Rule 11.

13         Federal Rule of Civil Procedure 11(b)(1) imposes on parties an obligation to certify that

14  all papers submitted to the court are "not being presented for any improper purpose, such as to

15  harass, cause unnecessary delay, or needlessly increase the cost of litigation." Sanctions may

16  issue for a failure to comply with this rule. Fed. R. Civ. P. 11(c).

17         First, as explained by Defendants, the representations made at ECF No. 48 regarding the

18  filing of discovery alongside Plaintiff's motion at ECF No. 46 are accurate. *See* ECF No. 97 at 2-

19  3. As such, sanctions are not appropriate.

20         Next, as to the representations regarding the failure to meet and confer, the Court agrees

21  with Defendants that those issues are collateral at this juncture. Whatever misunderstanding there

22  was between the parties, the Court does not find that Defendants made representations to "harass,

23  cause unnecessary delay, or needlessly increase the cost of litigation." Thus, sanctions are not

24  appropriate. The Court also notes that while Plaintiff's motion at ECF No. 46 was denied for a

25  failure to meet and confer, the Court heard and ruled on Plaintiff's renewed motion at ECF No.

26  60, such that Plaintiff was not prejudiced by any such misunderstanding. See ECF No. 71.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

     **B.     Carpenter's Misleading Statements**

     Plaintiff characterizes Carpenter's discovery responses as false. Plaintiff does not specify the rule under which he seeks sanctions for these responses. Regardless, whether the responses are false or not will be determined at trial. Thus, sanctions are not appropriate.

     **C.     Failure to Comply with Court's Order**

     Preliminarily, this Court ordered Defendants to supplement their response (at ECF No. 97) regarding their compliance with ECF No. 94 by August 30, 2021. *See* ECF No. 102. Defendants did not comply. As a result, this Court issued an Order to Show Cause why sanctions should not issue. See ECF No. 104. In their response to the Order to Show Cause (at ECF No. 105), Defendants explain that they supplemented their responses to Plaintiff, complying with ECF No. 94, and request they not be sanctioned for the failure to supplement the response as mandated by ECF No. 102.

     Federal Rule of Civil Procedure 37(b)(2)(A) permits the court to sanction a party if it fails to "obey an order to provide or permit discovery."[1]

     When the Court issued its Order at ECF No. 94, it ordered Defendants to supplement their responses to Plaintiff's Request for Production (RFP) Nos. 1, 3, and 8 as they related to Defendant Carpenter, and RFP Nos. 3 and 6 as related to Defendant Dzurenda.

     Plaintiff argues that Defendants did not supplement the response to those requests in accordance with this Court's order. Defendants explain that they did, and they mailed the supplements to Plaintiff on August 30, 2021. *See* ECF Nos. 105-2 and 105-3.

     The Court reviewed the supplemental responses at ECF Nos. 105-2 and 105-3 and finds they comply with this Court's order at ECF No. 94. As a result, sanctions are not appropriate.

     Lastly, the Court finds that the Defendants' response (at ECF No. 105) satisfies this Court's Order to Show Cause. While Defendants supplemented their responses to the specific requests at issue and mailed them to Plaintiff, the Court was not aware that Defendants had done so.

---

[1] This Court does not analyze this argument under Rule 11 of the Federal Rules of Civil Procedure, as the request is more appropriate under Rule 37.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### D.    Spoliation

Plaintiff seeks sanctions for the alleged spoliation of evidence. But this Court never made a determination regarding spoliation. As a result, sanctions would be inappropriate under any rule.

## III.    Conclusion

**IT IS THEREFORE ORDERED** that ECF No. 96 is **DENIED**.

**IT IS FURTHER ORDERED** that defendants have satisfied that the Order to Show Cause at ECF No. 104.

DATED: September 21, 2021

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE